

2005 Decisions

**Opinions of the United
States Court of Appeals
for the Third Circuit**

7-19-2005

# Creegan v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3717

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Creegan v. Comm Social Security" (2005). *2005 Decisions.* Paper 820.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/820

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 04-3717

—————

JAMES CREEGAN,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

—————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 01-cv-05944
District Judge:  The Honorable  William J. Martini

—————

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

—————

Before: ROTH, RENDELL, and BARRY, <u>Circuit Judges</u>

—————

(Opinion Filed: July 19, 2005 )

—————

OPINION

—————


BARRY, <u>Circuit Judge</u>

    This is an appeal by James Creegan from the District Court's affirmance of the

Administrative Law Judge's ("ALJ") decision denying him disability benefits.  Creegan

submits that, for various reasons, the ALJ's decision was not based on substantial evidence. We disagree, and will affirm.

The parties are familiar with the facts of this case and the District Court has already given careful attention to each of Creegan's arguments. We will, therefore, limit our discussion to those facts relevant to our decision. Creegan filed an application for disability due to back impairments and depression.[1] The ALJ determined that Creegan failed to meet his burden at steps three and four of the requisite five-step procedure, and, notwithstanding his back impairments,[2] found that he could perform light work and that significant jobs existed in the national economy.

Creegan attacks the ALJ's analysis at step three, arguing that she did not articulate a basis for her finding that his impairments did not meet or equal the requirements of a listed impairment. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. While not in so many words citing Listing 1.04, the ALJ implicitly found that the medical evidence failed to satisfy the criteria of that listing and explicitly found that the evidence established that

---

[1] After surgery to correct a right heel spur, Creegan no longer experiences leg pain.

[2] The ALJ found that, as of October 1998, Creegan's depression was severe, but that the single major depressive episode which occurred in that month did not last long enough to satisfy the twelve-month durational requirement for a disability nor did it meet or equal any of the listings. *See* 42 U.S.C. § 423(d)(1)(A); *Barnhart v. Walton*, 535 U.S. 212, 217-222 (2002). These findings are supported by the medical reports of his examining doctors, Drs. Candela, Macchia, and Gorman, all of which indicated that his depressive had improved. We do not suggest, nor did the ALJ, that Creegan did not at one point suffer severe depression but, as the ALJ found, his depression "significantly improved," and quickly improved, with medication. A-23. .

2

Creegan "has disorders of the back without disk herniation or spinal stenosis and which has never required surgery." A25. Moreover, Creegan, who had the burden at this stage, does not point to any evidence in the record suggesting that his impairments met or equaled any listings' criteria. Accordingly, we reject his argument addressed to step three.

At step four, the ALJ found that Creegan's residual functional capacity permitted him to perform light work, i.e., he can lift twenty pounds and walk or stand six hours a day. In support of this finding, the ALJ cited medical evidence provided by the VA Medical Center and Dr. Sawicki that Creegan has full muscle and motor strength. The ALJ also cited Dr. Shah's report that, despite lumber flexion to only forty degrees and extension to fifteen degrees, Creegan's range of motion in his bilateral lower extremities was "essentially within functional limits, and he was able to perform FABER test without difficulty." A21. Indeed, Creegan concedes that the ALJ spent two and one-half pages of her opinion reciting the medical evidence to support the conclusion that he was able to perform light work. But, says Creegan, she did not explain how the evidence she recited led to that RFC. We find, without further discussion, that she did just that.

As for Creegan's complaint that the ALJ did not properly analyze his subjective complaints, and particularly his complaints of pain, it is well established that an ALJ may give more weight to particular evidence so long as he or she explains why. *See Burnett v. Commissioner*, 220 F.3d 112, 121 (3d Cir. 2000). The ALJ found that while Creegan has

impairments that could cause the pain alleged, any pain he experiences is not of such intensity or frequency to preclude work, and the pain he alleges is neither consistent with the objective medical evidence nor credible to the extent alleged. These conclusions were well supported in the record because, as the ALJ found, Creegan does not take prescribed pain medication, has never been required to undergo back surgery, and diagnostic testing revealed no disk herniation or spinal stenosis. Moreover, Creegan's testimony, which he would now have us discount, established that any impairment he may have does not disrupt his ability to perform various tasks. Dr. Mylod's "conflicting evidence" was discussed and rejected by the ALJ because this testimony was at odds with Creegan's testimony. The ALJ's step four determination was supported by substantial evidence.

The ALJ went on to find that Creegan's impairments did not permit him to continue working as a maintenance worker, delivery driver, or steel warehouse worker because these jobs require heavy lifting. Thus, the burden shifted to the ALJ to determine if Creegan was capable of performing jobs that correspond to his functional limitations at step five of the sequential evaluation.[3]

Creegan argues that the ALJ was not permitted to rely on the grids at step five

___

[3]At step five, the ALJ must analyze if there are sufficient jobs in the national economy. Before doing so, however, the ALJ must determine whether the claimant suffers from an exertional impairment or both non-exertional and exertional impairments. *See Sykes v. Apfel*, 228 F.3d 259, 266 (3d Cir. 2000). If the claimant only suffers from an exertional impairment, the ALJ may rely on the grids; otherwise, he or she must call in a vocational expert.

because he suffers from a non-exertional impairment -- depression.  This argument fails because, as discussed above, Creegan's single episode of major depression did not meet the durational requirements of the Act and any depression did not impact his ability to perform the full range of light work.  As such, Creegan's only impairments were exertional and ALJ was permitted to rely on the grids.

For the foregoing reasons, we will affirm the July 19, 2004 order of District Court.